UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID A. AVERY, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:20-cv-00872 |
| RAYMOND BYRD, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) filed by David A. Avery, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee. Plaintiff did not pay the civil filing fee, nor did he file an application for leave to proceed in forma pauperis (IFP), i.e., without prepaying fees and costs. One or the other is required for the Court to process the complaint.

However, a prisoner may not file a civil action IFP in district court if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has previously filed three actions in this court which were dismissed for failure to state a viable claim. See Avery v. Johnson, et al., No. 3:15-cv-01276 (M.D. Tenn. Dec. 16, 2015) (dismissed at initial screening as "not currently cognizable under § 1983" due to the bar of Heck v. Humphrey);[1] Avery v. Agents of the Davidson

---

[1] Although "[n]ot all Courts of Appeals accept th[e] view" that a dismissal based on Heck is for failure to state a claim, Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 n.2 (2020), the Sixth Circuit has stated that

Cty. Chancery Court, No. 3:17-cv-00041 (M.D. Tenn. Feb. 21, 2017) (dismissed at initial screening "for failure to state a viable legal cause of action"); Avery v. Grady, et al., No. 3:20-cv-00517 (M.D. Tenn. Aug. 27, 2020) (dismissed at initial screening for failure to state a claim). In light of these prior dismissals, Plaintiff is a "three-striker" who may only proceed as a pauper in this action if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within the statutory exception to the "three-strikes" rule, the danger Plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the complaint was filed. Rittner v. Kinder, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, e.g., Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, Plaintiff must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the complaint. Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). In making this determination, the Court must construe the complaint liberally, as "the imminent danger exception is essentially a pleading requirement subject to the

---

a Section 1983 action that is noncognizable under Heck "would necessarily [be] dismissed for failure to state a claim," Harrison v. Michigan, 722 F.3d 768, 773 (6th Cir. 2013); see also Scheib v. Grand Rapids Sheriff's Dep't, 25 F. App'x 276, 277 (6th Cir. 2001) (affirming dismissal of inmate's § 1983 action for failure to state a claim because action is not currently cognizable under Heck), or would be properly characterized as frivolous, Carter v. State, No. 18-1348, 2018 WL 7890770, at *1 (6th Cir. Dec. 10, 2018). The Sixth Circuit also routinely affirms Heck dismissals at the initial screening stage, where the relevant standards of 28 U.S.C. §§ 1915(e)(2) and 1915A—frivolity, maliciousness, or failure to state a claim—overlap with the grounds for counting strikes under Section 1915(g). See, e.g., Sinkovitz v. Wallace, No. 18-4205, 2019 WL 2403229, at *1 (6th Cir. Mar. 19, 2019) ("A district court may, on its own, dismiss a complaint that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. As the district court determined, Sinkovitz's claims are barred by judicial immunity and *Heck*" and were therefore properly dismissed upon initial screening.) Accordingly, this Court finds that the dismissal in Case No. 3:15-cv-01276 is properly characterized as one based on frivolity or failure to state a claim and thus qualifies as a strike under Section 1915(g). Cf. Bowman v. Hankins, No. 3:15-CV-287-PLR-HBG, 2015 WL 5687575, at *4 (E.D. Tenn. Sept. 25, 2015) (citing Scheib and finding that Heck dismissal counts as strike).

2

ordinary principles of notice pleading." Id. Still, Plaintiff's allegations "must not be irrational, incredible, or speculative, and must describe with sufficient detail why [he] is in imminent danger." Lapine v. Waino, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) (citing Vandiver, 727 F.3d at 585).

Plaintiff alleges that, on June 1, 2020, "after countless inmate on inmate violent attacks" in the prison at large, he gave notice to prison authorities of his concerns over the lack of security and "requested the reasonable solution of a single-man housing assignment as a way to somewhat secure his own safety." (Doc. No. 1 at 2.) Plaintiff's request was denied, and he was forced to accept a cellmate in September 2020. (Id.) He alleges that inmate security is compromised "due to faulty security devices" that allow inmates "to roam around with very little to no security available," and that understaffing at the prison results in prison gangs being able to exert greater influence over "novice officers." (Id. at 2–3.) In addition to the dangerous environment at the prison, Plaintiff claims that the food served to inmates is nutritionally inadequate because it "consists of 95% starch" and lacks "organic fruits, vegetables, and milk," despite having an "average numerical calorie count." (Id. at 3.) These nutritional inadequacies are alleged to be "severely detrimental to the plaintiff's health." (Id.) He further alleges that the prison generally fails to provide sufficient medical care to inmates or to take responsibility for securing their safety, citing a fellow inmate's forcible return to the housing unit where he had previously had a violent encounter with other inmates. (Id. at 3–4.) As relief, Plaintiff seeks an injunctive order that he be housed without a cellmate, and $500,000 in compensatory damages. (Id. at 4.)

Plaintiff does not allege any particular threat—from other inmates, the prison food service, or other sources—that would plausibly suggest that he was in "imminent danger of serious physical injury" at the time he filed the complaint. He alleges only the potential for injury due to the general

level of violence in the prison, exacerbated by the inmates' ability to "exit their cells [and] roam around" and an insufficient number of guards. (Doc. No. 1 at 2.) But "conclusory allegations that overcrowding and understaffing create a potential for violence among inmates" will not suffice to establish imminent danger. Brooks v. Brooks, No. 2:18-CV-649-WKW, 2018 WL 3979490, at *2 (M.D. Ala. July 13, 2018), report and recommendation adopted, 2018 WL 3978979 (M.D. Ala. Aug. 20, 2018). Because "[p]risons are by definition places where violent people are housed involuntarily," McGhee v. Foltz, 852 F.2d 876, 880 (6th Cir. 1988), a nonspecific threat of prison violence cannot demonstrate the exceptional circumstance of "real and proximate" physical danger to Plaintiff, lest the exception swallow the rule of Section 1915(g). While Plaintiff believes that having a cellmate increases his risk of harm and specifically seeks the remedy of being housed without one, he does not allege any additional facts from which the Court could infer that having a cellmate is indeed a serious threat to his safety. Nor does Plaintiff specify any way in which the food provided by the prison has resulted in dangerous health consequences; rather, he simply concludes that the unbalanced diet must be "severely detrimental to [his] health." (Doc. No. 1 at 3.) In sum, the Court finds that the allegations of the complaint, taken as true and liberally construed, fall short of plausibly demonstrating that Plaintiff was in "imminent danger of serious physical injury" at the time he filed the complaint. Section 1915(g) therefore precludes the granting of pauper status in this case.

The Sixth Circuit Court of Appeals has made the following observation with respect to prisoners who fall within the scope of Section 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court

4

staff. The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

In re Alea, 286 F.3d 378, 382 (6th Cir. 2002).

Within **30 days** of the entry of this Order, Plaintiff **SHALL** remit the full filing fee of four hundred dollars ($400.00) to the Clerk of Court. Plaintiff is cautioned that, should he fail to comply with this Order within the time specified, the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE