# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID A. AVERY, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:20-cv-00872 |
| RAYMOND BYRD, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

David A. Avery, a pro se inmate challenging the conditions of his confinement under 42 U.S.C. § 1983, filed his Complaint on October 8, 2020, without paying the required filing fee or seeking permission to proceed as a pauper. The Court subsequently determined that Plaintiff is barred under 28 U.S.C. § 1915(g) from proceeding as a pauper because he has had at least three prior filings dismissed for failure to state a claim and does not allege that he is under imminent danger of serious physical injury. (See Order, Doc. No. 4, finding that Section 1915(g) applies and imminent danger not alleged). "In no event" is an inmate allowed to proceed as a pauper under such circumstances. 28 U.S.C. § 1915(g); Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 584–85 (6th Cir. 2013).

Accordingly, the Court gave Plaintiff 30 days in which to pay the full filing fee and warned him that failure to do so would result in the dismissal of his case for want of prosecution and the assessment of the fee against him. (Doc. No. 4.) The Court subsequently extended that deadline an additional 30 days and repeated its warning of the consequences of noncompliance, by Order entered December 16, 2020. (Doc. No. 6.) The extended deadline has now passed, and Plaintiff has failed to pay the filing fee or request an extension of time in which to do so.

Dismissal of this action is therefore required. This outcome is appropriate in view of Plaintiff's fault in failing to comply with the Court's Order despite having been warned that such failure could lead to dismissal, Choate v. Emerton, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), report and recommendation adopted, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018), and pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013). In view of Plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be the appropriate disposition here. See Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591 (6th Cir. 2011).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** and the $400 filing fee is hereby **ASSESSED** against Plaintiff, see In re Alea, 286 F.3d 378, 382 (6th Cir. 2002), with payment to be made as follows:

The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $400 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement,

the custodian must ensure that a copy of this Order follows the plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE